RECEIPT #_58156__
AMOUNT $__15?__
SUMMONS ISSUED__14__
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

| | |
|---|---|
| ROBERT S. STEPHENS,<br>    Plaintiff | )<br>)<br>) |
| V. | )<br>) |
| ROBERT MULHERN, individually<br>and as Police Chief of the Town of<br>Groton,<br>PETER S. CUNNINGHAM,<br>individually and as a Selectman for<br>the Town of Groton,<br>THOMAS D. HARTNETT individually<br>and as a Selectman of the Town of<br>Groton,<br>DANN CHAMBERLIN, individually<br>and as a Selectman of the Town<br>of Groton,<br>"JOHN DOE" and<br>THE TOWN OF GROTON,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

04

MAGISTRATE JUDGE _____

## DEFENDANTS' NOTICE OF REMOVAL OF ACTION FROM STATE COURT

Pursuant to 28 U.S.C. §1441(b) and 1446, the defendants petition for removal of this action to the United States District Court for the District of Massachusetts. As grounds therefore, the defendants state as follows:

1.    On or about April 30, 2004, the plaintiff filed this suit in the Middlesex Superior Court, Civil Action No. 04-01854.

2.    On August 10, 2004. the plaintiff's complaint was served upon the defendants. Attached, as Exhibit A, is a copy of the plaintiffs' complaint and summons, which were served upon the defendants.

3. In his complaint, the Plaintiff alleges that the actions of the Defendants Robert Mulhern, Peter Cunningham, Thomas Hartnett, Dann Chamberlin, and "John Doe(s)" unlawfully deprived the Plaintiff of his first, fourth, fifth and fourteenth Amendment rights under the United States Constitution.

4. Further in his Complaint, the Plaintiff states that the action was brought, *inter alia*, pursuant to 42 U.S.C. Sec. 1983, which provides a cause of action for the violation of a citizen's rights protected by the Constitution of the United States.

5. Because this matter is an action arising under Federal Law of which this court has original jurisdiction, as authorized by 28 U.S.C. Sec. 1331, it is subject to removal under 28 U.S.C. Sec. 1441(b).

6. The Notice of Removal is being filed within the time period required by law, 28 U.S.C. Sec. 1446(b).

Respectfully submitted,

_____
Leonard H. Kesten, BBO No. 542042
Jeremy Silverfine, BBO No. 542779
BRODY, HARDOON, PERKINS & KESTEN
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Dated: 8/20/04

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 8/20/04

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

......MIDDLESEX........., ss
[seal]

8/10/04

No. 04-1854

Rec'd by Town Clerk

Robert S. Stephens, Plaintiff(s)

v.

"John Doe"
Town of Groton, Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Gregory D. Oberhauser, Esq. plaintiff's attorney, whose address is 10 George Street, Suite 220, Lowell, MA 01852, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Cambridge Superior Court, 40 Thorndike Street, Cambridge, MA 02141 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Suzanne V. DelVecchio** Esquire, at ....................................................

the ............................................................. day of ..............................................

................, in the year of our Lord ........................

_Edward J. Sullivan_
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

FM NO. SUP. — 001

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS
SUPERIOR COURT
CIVIL ACTION:
04-1854

| | |
|---|---|
| ROBERT S. STEPHENS,<br>Plaintiff<br><br>V.<br><br>ROBERT MULHERN, individually<br>and as Police Cheif of<br>the Town of Groton,<br>PETER S. CUNNINGHAM,<br>individually and as a Selectman<br>for the Town of Groton,<br>THOMAS D. HARTNETT individually<br>and as a Selectman of the Town of<br>Groton,<br>DANN CHAMBERLIN individually and as<br>a Selectman of the Town of Groton,<br>"JOHN DOE" and<br>THE TOWN OF GROTON,<br>Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT

I. **PRELIMINARY STATEMENT OF CLAIMS**

1.  The plaintiff brings this civil action against the individual, named defendants and the Town of Groton seeking damages and other relief for injuries resulting from the violation of his constitutional rights by the defendants, from the intentional and malicious acts of the individual defendants, and from the grossly negligent and wrongful conduct of the City and its Employees. Plaintiff also seeks recovery under state law for the injuries he has suffered.

II. **JURISDICTION**

2.  This action is brought pursuant to 42 U.S.C. Section 1983 and under several Amendments to the United States Constitution. This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. Sections 1331 and 1343, and the Court has pendent jurisdiction over plaintiff's state claims.

3. There exists between the parties an actual controversy justiciable in nature.

4. Plaintiff seeks, <u>inter alia</u>, a declaration of rights under 28 U.S.C., §§ 2201 and 2202, as well as injunctive relief.

III. PARTIES

5. The plaintiff Robert S. Stephens is an individual residing at 382B West Main Street, Groton, Massachusetts.

6. The defendant Robert Mulhern is an individual residing in Lunenberg, Massauchusetts. At all times relevant to this complaint, Mr. Mulhern was the Chief of Police of Groton.

7. The defendant Peter Cunningham is an individual residing at 44 Smith Street, Groton, Massachusetts, Massachusetts. At all times relevant to this complaint, Mr. Cunningham was a member of the Board of Selectmen for the Town of Groton.

8. The defendant Thomas Hartnett is an individual residing at 41 Martins Pond Rd. Groton, Massachusetts. At all times relevant to this complaint Mr. Hartnett was a member of the Board of Selctmen for the Town of Groton.

9. The defendant Dann Chamberlin is an individual residing on Sunset Rd., Groton, Massachusetts. At all times relevant to this complaint, Mr. Chamberlin was a member of the Board of Selcetmen for the Town of Groton.

10. The defendant Town of Groton is a municipal corporation duly organized under the laws of the Commonwealth of Massachusetts, and at all times relevant to this complaint was the employer of all the individual defendants in this case.

IV. STATEMENT OF FACTS

11. On or about May 2, 2001, the plaintiff was chasing squirrel from his back yard with the assistance of a "starter pistol" a product designed to fire blanks.

12. His neighbors called the police stating that they were in fear of the plaintiff's actions.

2

13. Groton police appeared on the scene and later asked Mr. Stephens to step out of his house, while being questioned he was never offered his Miranda rights and was threatened by the police that if he (Stephens) did not tell them where the weapon were they would destroy the house. The plaintiff told them where his shotgun and the starter pistol were located in the house.

14. While being interrogated by the Groton police department, plaintiff was subsequently arrested for the following charges: Assault by means of a Dangerous Weapon: to wit a starter pistol; Disorderly Conduct; Threatening to Comit a crime: to wit Murder;

15. The plaintiff was placed in a handcuffs double locked behind his back and tossed into the back of the police car.

16. The Groton police officer then demanded to know where his FID card was then searched the plaintiff's vehicle and found it among his papers.

17. The plaintiff, while being processed by the Groton police department complained of numbness in his left hand and fingers as a result of the handcuffs being placed on the wrists too tightly, the cuffs remained on throughout this process with no relaxation of the handcuffs.

17. After being released and on the same day, plaintiff went to the Noshoba Hospital where the Dr. Schonwald examined the plaintiff and stated that he had a pinched nerve at the wrist. Plaintiff has had ongoing medical problems with the same wrist.

18. In the evidence report sent to the State crime lab by Officer Pierce of the Groton police department, comments were made that the starter pistol's barrel had been "drilled out".

19. On or about May 3, 2001 Police Chief Mulhern sent a letter revoking plaintiff's Firearms Identification Card effective immediately.

20. Plaintiff attempted to resolve this matter through the Chief of Police Mulhern and Selectman Cunnigham.

21. The residence of the plaintiff was and continues to have constantly surveillance by the police at night of his house as spot lights are shown through the windows in a harassing manner.

22. On or about July 12, 2001 the Groton police department took out additional complaint charging the plaintiff for M.G. L. c. 269 § 10 G Firearm without FID card, Possess and 269 §12 E Firearm, Discharge within 500 ft. of Building.

23. At the time the criminal complaint was issued, defendant(s) knew or had reason to know the allegations contained therein were false.

24. By letter dated September 12, 2001, the plaintiff informed defendant Mulhern of the improper actions of defendant Mulhern and requested defendant Cunningham to respond to this situation.

25. No response was forth coming from the defendants.

26. A criminal trial was held in Ayer District Court on May 21, 2002.

27. The prosecutor Nolle Pros the criminal charge of M.G.L.c. 269 §10h on the day of trial.

28. The jury retruned a verdict of not guilty on all remaining criminal charges except the charge of c. 269 §12 E Firearm, Discharge within 500 ft. of Building, for this offense the plaintiff/defendant was placed on probation for one (1) year. This finding is presently under appeal.

29. The Groton police department continues to drive by the house at 382 West Main Street, Groton, MA, home of the plaintiff, and shins lights on during the night as a further harassment of the plaintiff.

## V. NOTICE OF CLAIM

30. Plaintiff gave Notice of Claim to the defendant Town of Groton through its Board of Selectmen by letter dated, May 1, 2003.

## VI. STATEMENT OF CLAIMS

### COUNT I - VIOLATION TITLE 42 U.S.C. SECTION 1983

31. The plaintiff realleges and incorporates by reference averments of paragraph 1 through 30 above.

32. The defendants, Mulhern, Selectmen: Cunningham, Hartnett and Chamberlin and John Doe(s), separately and/or in concert and conspiracy with each other, acted intentionally, recklessly, maliciously or in a grossly negligent manner, under color of law, to intentionally and unlawfully deprive the plaintiff of his First, Fourth, Fifth and Fourteenth Amendments to the United States Constitutional.

33. As a direct and proximate consequence of the actions of the individual defendants, separately and/or in concert and conspiracy with each other, the plaintiff suffered injury to his reputation, humiliation, ridicule and other indignities, mental and emotional distress and other financial losses.

34. As a further direct and proximate consequence of the actions of the individual defendants, separately and/or in concert and conspiracy with each other, the plaintiff also suffered damage to his reputation as citizen and the unlawful invasion of his property.

## COUNT II - VIOLATION OF PLAINTIFF'S FIRST AND SECOND AMENDMENT RIGHTS

35. The plaintiff realleges and incorporates by reference averments of paragraph 1 through 34 above.

36. As a direct result of the actions of the individual defendants, separately and/or in concert and conspiracy with each other, the plaintiff's rights under the First and Second Amendment to the United States Constitution were violated.

37. The plaintiff was harassed and charged with violations of criminal laws in retaliation of his exercise of rights guaranteed by the First and Second Amendment.

38. As a direct and proximate consequence of the actions of individual defendants, separately and/or in concert and conspiracy with each other, in violation of the First and Second Amendment the plaintiff suffered injury to his reputation, humiliation, ridicule and other

indignities, mental and emotional distress, physical and medical expenses and other financial losses.

39. As a further direct and proximate consequence of the actions of the individual defendants, separately and/or in concert and conspiracy with each other, in violation of the First and Second Amendment the plaintiff also suffered damage to his reputation and the unlawful invasion of his property.

## COUNT III - VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS

40. The plaintiff realleges and incorporates by reference averments of paragraph 1 through 39 above.

41. As a direct result of the actions of the individual defendants, separately and/or in concert and conspiracy with each other, the plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution were violated.

42. As a direct and proximate consequence of the actions of individual defendants, separately and/or in concert and conspiracy with each other, in violation of the Fourth and Fourteenth Amendments the plaintiff suffered injury to his reputation, humiliation, ridicule and other indignities, mental and emotional distress and other financial losses.

43. As a further direct and proximate consequence of the actions of the individual defendants, separately and/or in concert and conspiracy with each other, in violation of the Fourth and Fourteenth Amendments the plaintiff also suffered damage to his reputation and the unlawful invasion of his property.

## COUNT IV - VIOLATION OF PLAINTIFF'S FIFTH AND FOURTEENTH AMENDMENT RIGHTS

44. The plaintiff realleges and incorporates by reference averments of paragraph 1 through 43 above.

45. By searching plaintiff's property with a warrant based on false information, the defendants, separately and/or in concert and conspiracy with each other, deprived the plaintiff of

6

his due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

46. As a direct and proximate consequence of the actions of individual defendants, separately and/or in concert and conspiracy with each other, in violation of the Fifth and Fourteenth Amendments the plaintiff suffered injury to his reputation, humiliation, ridicule and other indignities, mental and emotional distress and other financial losses.

47. As a further direct and proximate consequence of the actions of the individual defendants, separately and/or in concert and conspiracy with each other, in violation of the Fifth and Fourteenth Amendments the plaintiff also suffered damage to his reputation as selectman and to his business reputation, and the unlawful invasion of his property.

## COUNT V - CIVIL RIGHTS VIOLATIONS

48. The plaintiff realleges and incorporates by reference averments of paragraph 1 through 44 and 47 above.

49. The defendant Mulhern, at all times relevant to this Complaint was the Police Chief of Groton.

50. The defendant Mulhern and the supervisory officers and officials of the Town of Groton knew or should have known, and could reasonably foresee, that their training and supervision of the defendants John Doe(s) was so inadequate as to make misconduct highly probable and constitutional injury to the plaintiff likely to occur.

51. The failure of defendant Mulhern and other town officials acting on behalf of the Town of Groton to adequately and properly train and supervise the actions of the defendants John Doe(s) directly resulted in the violation plaintiff's rights guaranteed by the First, Fourth, Fifth and Fourth Amendments to the United States Constitution and Articles 10, 12, 14 and 16 of the Massachusetts Declaration of Rights.

52. As a direct and proximate consequence of said failure to adequately and properly train and supervise the actions of the defendants, John Doe's, the plaintiff suffered injury to his

7

reputation, humiliation, ridicule and other indignities, mental and emotional distress, physical and medical expenses, pain and ongoing suffering and other financial losses.

53. As a further direct and proximate consequence of said failure to adequately and properly train and supervise the actions of the defendants, John Doe(s), the plaintiff also suffered damage to his reputation in the town of Groton and the unlawful invasion of his property and liberty interests.

## COUNT VI - CIVIL RIGHTS VIOLATIONS

54. The plaintiff realleges and incorporates by reference averments of paragraph 1 through 53 above.

55. The policy, custom and usage developed by the policy-making authorities, officers and officials of the Town of Groton, and as exercised by the individual defendants, separately and/or in concert and conspiracy with each other, directly resulted in the violation plaintiff's rights guaranteed by the First, Fourth, Fifth and Fourth Amendments to the United States Constitution and Articles 10, 12, 14 and 16 of the Massachusetts Declaration of Rights.

56. As a direct and proximate consequence of said policy, custom and usage, the plaintiff suffered injury to his reputation, humiliation, ridicule and other indignities, mental and emotional distress, physical and medical expenses, pain and ongoing suffering and other financial losses.

57. As a further direct and proximate consequence of said policy, custom and usage, the plaintiff also suffered damage to his reputation as a citizen and the unlawful invasion of his property and liberty.

## COUNT VIII - STATE CIVIL RIGHTS VIOLATIONS

58. The plaintiff realleges and incorporates by reference the averments of paragraphs 1 through 57 above.

59. As a direct and proximate result of the deliberate and intentional acts of the defendants, separately and/or in concert and conspiracy with each other, they violated the

8

plaintiff's rights under M.G.L.A. c. 12, Sec. 11H and 11I and under Articles 10, 12, 14 and 16 of the Massachusetts Declaration of Rights to the plaintiff's great detriment.

### COUNT IX - INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

60. The plaintiff realleges and incorporates by reference the averments of paragraphs 1 through 59 above.

61. The defendants Mulhern, Selectmen: Cunningham, Hartnett and Chamberlin and John Doe(s), separately and/or in concert and conspiracy with each other, intentionally or negligently and without justification inflicted severe emotional distress on the plaintiff by extreme and outrageous behavior beyond the bounds of decency.

62. The extreme and outrageous conduct committed by the defendants Mulhern, Selectmen: Cunningham, Hartnett and Chamberlin and John Doe(s), consists of using their elected or appointed positions to retaliate against the plaintiff for being a vocal critic of the local government and/or their business partners or associates.

63. As a further direct and proximate result thereof, the plaintiff suffered loss of reputation, emotional and mental distress as well as other financial losses.

### COUNT VIII MALICIOUS ABUSE OF PROCESS

64. The plaintiff realleges and incorporates by reference the averments of paragraphs 1 through 63 above.

65. The defendants Mulhern, Selectmen: Cunningham, Hartnett and Chamberlin and John Doe(s), separately and/or in concert and conspiracy with each other, used legal process to accomplish some ulterior purpose for which it is not designed or intended and was not the legitimate purpose of the process employed.

66. As a direct and proximate consequence thereof, the plaintiff also suffered damage to his reputation as selectman and thus suffered damage as to his business reputation.

9

67. As a further direct and proximate result thereof, the plaintiff suffered loss of reputation, emotional and mental distress as well as other financial losses.

## COUNT XI - FAILURE TO ADEQUATELY AND PROPERLY TRAIN AND SUPERVISE

68. The plaintiff realleges and incorporates by reference averments of paragraph 1 through 67 above.

69. The defendant Town of Groton and its officials failed to enforce federal and state laws and regulations and were negligent and/or grossly negligent in failing to adequately and properly train, supervise and discipline the defendants Mulhern, Selectmen: Cunningham, Hartnett and Chamberlin and John Doe(s).

70. This failure directly resulted in the violation plaintiff's rights guaranteed by the First, Fourth, Fifth and Fourth Amendments to the United States Constitution and Articles 10, 12, 14 and 16 of the Massachusetts Declaration of Rights and the trespass upon his property.

71. As a direct and proximate consequence of said failure to adequately and properly train, supervise and discipline the defendants, Mulhern, Selectmen: Cunningham, Hartnett and Chamberlin and John Doe(s), the plaintiff suffered injury to his reputation, humiliation, ridicule and other indignities, mental and emotional distress and other financial losses.

72. As a further direct and proximate consequence of said failure to adequately and properly train, supervise and discipline the defendants, Mulhern, Selectmen: Cunningham, Hartnett and Chamberlin and John Doe(s), the plaintiff also suffered damage to his reputation as selectman and to his business reputation, and the unlawful invasion of his property.

WHEREFORE, the plaintiff Robert S. Stephens respectfully requests this Honorable Court enter the following judgments against each of the defendants:

1) A declaratory judgment that the defendants, separately and/or in concert and conspiracy with each other, infringed upon and violated plaintiff's rights guaranteed by the First, Fourth, Fifth and Fourth Amendments to the United States Constitution and Articles 10, 12, 14 and 16 of the Massachusetts Declaration of Rights.

2) A temporary restraining order be issued prohibiting the defendants, their agents, employees, servants, attorneys and representatives, separately and/or in concert and conspiracy with each other, from infringing upon and violating plaintiff's future exercise of rights guaranteed by the First, Fourth, Fifth and Fourth Amendments to the United States Constitution and Articles 10, 12, 14 and 16 of the Massachusetts Declaration of Rights.

3) A preliminary injunction be issued prohibiting the defendants, their agents, employees, servants, attorneys and representatives, separately and/or in concert and conspiracy with each other, from infringing upon and violating plaintiff's future exercise of rights guaranteed by the First, Fourth, Fifth and Fourth Amendments to the United States Constitution and Articles 10, 12, 14 and 16 of the Massachusetts Declaration of Rights.

4) A permanent injunction be issued prohibiting the defendants, their agents, employees, servants, attorneys and representatives, separately and/or in concert and conspiracy with each other, from infringing upon and violating plaintiff's future exercise of rights guaranteed by the First, Fourth, Fifth and Fourth Amendments to the United States Constitution and Articles 10, 12, 14 and 16 of the Massachusetts Declaration of Rights.

5) An award of compensatory damages of $ 75,000.00 dollars to the plaintiff from each defendant.

6) An award of punitive damages of $1,000.000.00 to the plaintiff from each defendant.

7)  This court order payment to the plaintiff of his costs of this litigation and reasonable attorney's fees.

8)  Such other relief as this Court deems just, equitable or otherwise appropriate under the circumstances.

**PLAINTIFF REQUESTS TRIAL BY JURY ON ALL ISSUES AND COUNTS RELEVANT TO THIS COMPLAINT.**

Respectfully submitted for
Robert S. Stephens,
By his attorney

Gregory D. Oberhauser
BBO No. 642209
10 George St. Suite 220
Lowell, Massachusetts 01852
Tel. (978) 452.1116

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Robert S. Stephens

### DEFENDANTS
The Town of Groton, et al

(b) County of Residence of First Listed Plaintiff **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Middlesex**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Gregory Oberhauser
10 George Street, Suite 220
Lowell, MA 01852    (978) 452-1116

Attorneys (If Known)
Jeremy Silverfine and Leonard Kesten
Brody, Hardoon, Perkins + Kesten, LLP
One Exeter Plaza
Boston, MA 02116    (617) 880-7100

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 USC § 1983 - Violation of Civil Rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE
SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUN _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Robert Stephens v. Town of Groton__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   \_\_ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
   740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

   \_\_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
   315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
   380, 385, 450, 891.

   \_\_ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
   690, 810, 861-865, 870, 871, 875, 900.

   \_\_ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   
   YES    (NO)

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   
   YES    NO
   
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   
   YES    NO

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   
   YES    NO

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   
   YES    NO
   
   A. If yes, in which division do all of the non-governmental parties reside?
   
   (Eastern Division)    Central Division    Western Division
   
   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
   
   Eastern Division    Central Division    Western Division

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   
   YES    (NO)

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Jeremy Silverfine__
ADDRESS __Brody Hardoon Perkins & Kesten, 1 Exeter Plaza Boston, MA 02116__
TELEPHONE NO. __617-880-7100__

(Coversheetlocal.wpd - 10/17/02)