UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV11829 GAO

| | |
|---|---|
| ROBERT S. STEPHENS, | ) |
|     Plaintiff | ) |
| | ) |
| V. | ) |
| | ) |
| ROBERT MULHERN, individually | ) |
| and as Police Chief of | ) |
| the Town of Groton, | ) |
| PETER S. CUNNINGHAM, | ) |
| individually and as a Selectman | ) |
| for the Town of Groton, | ) |
| THOMAS D. HARTNETT individually | ) |
| and as a Selectman of the Town of | ) |
| Groton, | ) |
| DANN CHAMBERLIN individually and as | ) |
| a Selectman of the Town of Groton, | ) |
| "JOHN DOE"  and | ) |
| THE TOWN OF GROTON, | ) |
|     Defendants | |

AFFIDAVIT OF Gregory D. Oberhauser

IN SUPPORT OF MOTION TO SET ASIDE

DEFAULT JUDGMENT

I, Gregory D. Oberhauser, of full age, being duly sworn do hereby depose and say:

1. I am a member of the bar of the Commonwealth in good standing and I represent the plaintiff in the above-entitled action.

2. I filed the enclosed complaint fearing that a statute of limitation issue was coming near to being lost.

3. I am not a civil rights attorney.

4. I stressed to the client that he needed to find a different attorney for this matter.

5. He has not found a new attorney as of this offering to the Court.

6. Communication has been stressed to a point of a complete break down.

7. I attempted to communicate this to defense counsel, that I was having problems with my communication with my client. He has written letters to judges, and I believe defendants without my knowledge nor consent.

8. I did obtain the responses from the Client as to answers to the interrogatories but did not feel the responses were appropriate; they were signed on or about November 1, 2005.

9. In frustration and an office error they were not sent into the Court or to Counsel for the defendants.

10. In hind sight, I should not have taken this case in the beginning; I initially was hired for the criminal appeal, not as a civil rights attorney for which I am not. The appeal needed much work, as a renewed motion for allowance of a Rule 25(b) (2) motion was sent to the trial judge for his consideration, this was subsequently denied. In this attorney's mind selected side bars were not picked up by the recording equipment and efforts to augment what took place were difficult to replicate. The appeal is presently with a new attorney.

11. In looking back, I should have withdrawn from this case much sooner in the process but was conflicted as to loyalties to the client. My motion to withdraw is filed with this submission.

12. The plaintiff believes that he has a meritorious claim(s) against the defendants.

13. Defendant's will not be prejudiced by the allowance of this motion and the

plaintiff deserves a chance to properly prosecute his case to finality.

       Subscribed and sworn under the pains and penalties of perjury this _13_ day of February, 2006.

       */s/ Gregory D. Oberhauser*
       Gregory D. Oberhauser